IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JANA CAUDILL, | ) | |
| | ) | |
| Plaintiff, | ) | No. 11 C 1140 |
| v. | ) | |
| | ) | Judge Robert W. Gettleman |
| KELLER WILLIAMS REALTY | ) | |
| INTERNATIONAL, INC., a corporation; MARK | ) | |
| WILLIS, an individual; MARY TENNANT, an | ) | |
| individual; and JOHN DAVIS, an individual, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Jana Caudill has brought a nine-count complaint against defendant Keller Williams Realty International, Inc., Mark Willis, Mary Tennant, and John Davis. Plaintiff seeks damages and injunctive relief for fraud, breach of contract, tortious interference with a contract, promissory estoppel, unjust enrichment and violation of the Illinois Wage Payment and Collection Act. Defendants have filed two separate motions, one to dismiss for improper venue pursuant to Fed.R.Civ.P. 12(b)(3) or, in the alternative, to transfer for convenience pursuant to 28 U.S.C. § 1404(a) to the Western District of Texas, and one to dismiss for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6). For the reasons described below, defendants' motion to dismiss for improper venue is granted. Accordingly, the court does not reach defendants' 12(b)(6) motion.

## BACKGROUND

Plaintiff is a real estate agent and citizen of Indiana, where she owns a Keller Williams real estate franchise. From October 2007 through August 2010, she was also the Regional Director for Keller Williams' Mid-American Region. Defendant Keller Williams, a corporation

headquartered in Texas, is a real estate franchise company with offices throughout the United States and Canada. Defendant Mark Willis is the Chief Executive Officer of Keller Williams and a citizen of Texas. Defendant Mary Tennant is the President and Chief Operating Officer of Keller Williams and a citizen of Texas. Defendant John Davis is the Regional Operating Partner for the Mid-American Region at Keller Williams and a citizen of Texas.

In early 2001, plaintiff opened what would prove to be a lucrative Keller Williams franchise in Crown Point, Indiana. Later, in October 2007, plaintiff accepted a position overseeing Keller Williams' Mid-American Region as the Regional Director. Plaintiff's compensation had been negotiated over email and at two meetings held in Texas. The complaint alleges that plaintiff and defendant Mark Willis entered into an oral agreement whereby plaintiff would earn a $200,000 salary and, subject to certain conditions, a 20% ownership interest in Keller Williams' Mid-American Region. This ownership interest would vest annually at 5% per year, beginning at the end of 2009. Plaintiff made repeated requests that the agreement be put in writing, but defendants refused to do so. Plaintiff was told that Keller Williams did not have complete ownership of the Region, and any written agreement regarding plaintiff's ownership interest would have to wait until an apparently impending buyout was completed between defendants and a third party.

By October 2009, when the first 5% was to vest, plaintiff still did not have a written contract. Then, on December 2, 2009, defendants sent plaintiff a contract via email. Under the terms of the written contract, however, the first 5% ownership interest would not vest until the end of 2010. Nevertheless, plaintiff agreed to the terms and signed the contract. Although earning the ownership interest appears to have been subject to certain strict conditions, the

2

complaint alleges that defendants "insisted that the parameters were not there to stand in the way of Ms. Caudill earning the 20% ownership share."

Plaintiff asserts that defendants "launched a campaign to terminate her" soon after she signed the contract. On August 24, 2010, plaintiff was fired. The complaint alleges that the reason given for plaintiff's termination was "fit." Plaintiff then brought this lawsuit against defendants seeking damages and injunctive relief.

## DISCUSSION

Defendants have moved to dismiss pursuant to Fed.R.Civ.P. 12(b)(3), asserting that venue is improper in the Northern District of Illinois. It is plaintiff's burden to establish that the chosen venue is proper. Davis v. Howse, 2003 WL 21317289, at *2 (N.D.Ill. June 5, 2003). Because federal jurisdiction over this action is founded only on diversity of citizenship, proper venue is found only in:

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a). Plaintiff asserts that venue in the Northern District of Illinois is proper under 28 U.S.C. § 1391(a)(2).

Defendants first argue that, because § 1391(a)(1) is satisfied here, venue is necessarily proper only in Texas. This court has rejected that interpretation of § 1391(a). See Santa's Best Craft, LLC v. Janning, 2003 WL 21504522, at *2 (N.D.Ill. June 30, 2003) (finding that, because venue is proper under § 1391(a)(1), venue cannot be asserted elsewhere under § 1391(a)(3), but allowing that venue may still be asserted elsewhere under § 1391(a)(2)). The question before the

3

court, then, is whether plaintiff has established that "a substantial part of the events giving rise to the claim" occurred in the Northern District of Illinois. The court finds that plaintiff has not met this burden.

Courts disagree as to what is meant by "a substantial part of the events giving rise to the claim." The Supreme Court has made clear that "[i]n most instances, the purpose of statutorily specified venue is to protect the <u>defendant</u> against the risk that a plaintiff will select an unfair or inconvenient place of trial." <u>Leroy v. Great Western United Corp.</u>, 443 U.S. 173, 183-84 (1979) (emphasis in original).[1] Some courts have further found, however, that "by referring to 'events or omissions giving rise to the claim,' Congress meant to require courts to focus on relevant activities of the defendant, not of the plaintiff" in order to afford defendants this protection. <u>Woodke v. Dahm,</u> 70 F.3d 983, 985 (8th Cir. 1995); <u>Jenkins Brick Co. v. Bremer,</u> 321 F.3d 1366, 1371-72 (11th Cir. 2003). Other courts have found that defendants are sufficiently protected simply by the statute's requirement that a "substantial" part of the events giving rise to the claim occurred in the plaintiff's chosen venue. <u>Cottman Transmission Systems, Inc. v. Martino</u>, 36 F.3d 291, 294 (3d Cir. 1994); <u>accord</u> <u>Uffner v. La Reunion Francaise, S.A.</u>, 244 F.3d 38, 43 (1st Cir. 2001). These courts thus take a "more holistic view of the acts underlying a claim." <u>Uffner</u>, 244 F.3d at 42, n.6; <u>Master Tech Products, Inc. v. Smith</u>, 181 F.Supp.2d 910, 914 (N.D.Ill. 2002).

Generally, the "properly relevant consideration" under § 1391(a)(2) appears to be the defendant's actions. <u>Financial Management Services, Inc. v. Coburn Supply Co., Inc.</u>, 2003 WL

---

[1]Although § 1391(a) has since been amended, <u>Leroy</u> "still retains viability." <u>See</u> <u>Cottman Transmission Systems, Inc. v. Martino</u>, 36 F.3d 291, 294 (3d Cir. 1994).

4

255232, at *1 (N.D.Ill. Feb. 5, 2003); see Woodke, 70 F.3d at 985 ("it is not easy to know how a plaintiff's 'omissions' could ever be relevant to whether a claim has arisen"). Nevertheless, this court declines to adopt a hard and fast rule that "only the acts of the defendant are relevant for purposes of venue."[2] Master Tech Products, 181 F.Supp.2d at 914 (citing Woodke); cf. Uffner, 244 F.3d at 43 (holding that, in an action against an insurer for wrongful denial of a claim, venue is proper in the district where property was damaged even though the defendant insurer did not cause the damage).

Still, if the protection afforded by § 1391(a)(2) is to be meaningful, the adjective "substantial" must be taken seriously. Gulf Ins. Co. v. Glasbrenner, 417 F.3d 353, 357 (2d Cir. 2005). And "giving rise to the claim" must mean more than simply "but for" causation. See Financial Management Services, Inc. v. Coburn Supply Co., Inc., 2003 WL 255232, at *2 (N.D.Ill. Feb. 5, 2003) ("Just as in other areas of law a mere 'but for' relationship does not automatically equate to proximate cause, [under § 1391(a)(2)] such a 'but for' relationship does not cause [an event] to constitute 'a substantial part of the events or omissions giving rise to the claim'").

In the instant case, it is true that the wrongful conduct alleged would not have occurred but for plaintiff's employment as the Regional Director of the Mid-American Region, a region that includes all of Illinois. Viewed in the most forgiving light, plaintiff's theory of the case could be understood to assert that defendants denied her the ownership interest she had properly

---

[2]The Seventh Circuit does not appear to have taken a side in this debate. See Master Tech Products, 181 F.Supp.2d at 914.

5

earned on pretextual grounds of poor job performance.  That performance, the argument would go, took place in large part in the Northern District of Illinois.

Even this generous view of plaintiff's complaint, however, cannot satisfy the requirements of § 1391(a)(2).  The oral contract at issue under counts I and IV was negotiated and agreed to at meetings that took place in Texas and in correspondence that took place over the phone and via email between the parties in Texas and in Indiana.  The written contract at issue under count VII was similarly negotiated and agreed to in correspondence that took place over the phone and via email between the parties in Texas and in Indiana.  The alleged fraudulent misrepresentation at issue under counts II and VI took place over the phone and via email between the parties in Texas and in Indiana.  And most of the alleged wrongful conduct at issue under counts III and VIII also took place over the phone and via email between the parties in Texas and in Indiana.

Given these facts, the events that transpired in the Northern District of Illinois, anecdotally recounted in the complaint and often only marginally relevant, are not a substantial part of the events giving rise to plaintiff's claims.  The Northern District of Illinois is not a proper venue for this action under § 1391(a)(2).

## CONCLUSION

For the forgoing reasons, defendants' motion to dismiss for improper venue is granted.  Defendants' request to transfer the case to the Western District of Texas, and their motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), are denied without prejudice as moot.

**ENTER:** September 7, 2011

_____
**Robert W. Gettleman**
**United States District Judge**